Report Date: November 5, 2019

# United States District Court

## for the

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 06, 2019

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Dale Joseph Tindal                  Case Number: 0980 2:16CR00200-SAB-1

Address of Offender:

Name of Sentencing Judicial Officer:  The Honorable Stanley A. Bastian, U.S. District Judge

Date of Original Sentence: December 14, 2017

| | | |
|---|---|---|
| Original Offense: | Crime on Indian Reservation-Attempted Arson, 18 U.S.C. §§ 81, 1153 | |
| Original Sentence: | Prison - 290 days<br>TSR - 60 days | Type of Supervision: Supervised Release |
| Revocation Sentence:<br>09/13/2018 | Prison - 2 months<br>TSR - 48 months | |
| Revocation Sentence:<br>02/20/2019 | Prison - 5 months<br>TSR - 53 months | |
| Asst. U.S. Attorney: | Alison L. Gregoire | Date Supervision Commenced: July 18, 2019 |
| Defense Attorney: | Amy Rubin | Date Supervision Expires: December 17, 2023 |

## PETITIONING THE COURT

To issue a **WARRANT**.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition #6:** You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of you supervision that he or she observes in plain view.<br><br>**Supporting Evidence**: Mr. Tindal was in direct violation of standard condition number 6 by failing to allow this officer to visit him at his home or elsewhere.<br><br>On July 19, 2019, Mr. Tindal was given a copy of his judgment and his conditions of supervision were explained to him. Mr. Tindal signed his judgment reflecting he understood each condition.<br><br>Mr. Tindal was able to secure temporary housing at the Phoenix Apartments. On October 31, 2019, the undersigned officer met with Mr. Tindal and directed him to call his mental health provider and to set up his voice mailbox so that this officer could leave him messages. |

On November 4, 2019, an email from Mr. Tindal's case manager was sent to this officer. It outlined areas where Mr. Tindal was in noncompliance with the apartment's policies. As a result, the undersigned officer attempted contact with Mr. Tindal at his apartment. When Mr. Tindal did not come to the door, the undersigned was able to gain access to his room by the case manager. Mr. Tindal was not present at the residence.

A card was left in his door directing him to report to the U.S. Probation Office immediately. Staff at the Phoenix Apartments have informed the undersigned officer that the card is still in his door and he has not returned to his apartment since November 4, 2019. Mr. Tindal is not answering his phone or returning any text messages. This officer is also unable to leave a message due to Mr. Tindal not setting up his voice mail, as previously instructed by this officer.

On November 4, 2019, a probation officer reached out to Mr. Tindal's mother inquiring if she had any knowledge of his whereabouts. She reported she did not know where he was. It was requested that she contact the undersigned officer if she does have contact with Mr. Tindal. At this time, neither have made contact with the undersigned officer, therefore his whereabouts are currently unknown.

2    **Special Condition #2**: You must complete a mental health evaluation and follow any treatment recommendations of the evaluating professional which do not require forced or psychotropic medication and/or inpatient confinement, absent further order of the court. You must allow reciprocal release of information between the supervising officer and treatment provider. You must contribute to the cost of treatment according to your ability to pay.

**Supporting Evidence**: Mr. Tindal was in direct violation of special condition number 2 by failing to report for his scheduled mental health appointment on November 5, 2019.

On July 19, 2019, Mr. Tindal was given a copy of his judgment and his conditions of supervision were explained to him. Mr. Tindal signed his judgment reflecting he understood each condition.

On October 31, 2019, Mr. Tindal called the undersigned officer and stated he had a meeting scheduled with Robert Shepard on November 5, 2019 at 1 p.m. Mr. Tindal was informed that it was extremely important that he attend this meeting because they needed to fill out paperwork in order for him to keep his housing at the apartment. Mr. Tindal understood and said he would be there.

This officer met with Mr. Shepard on November 5, 2019. Both Mr. Shepard and this officer waited until 1:20 p.m. for Mr. Tindal to report for his appointment. He failed to report or call. This officer again attempted to reach out to Mr. Tindal with no success.

The U.S. Probation Office respectfully recommends the Court issue a **warrant** requiring the offender to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 11/05/2019

s/Joshua D. Schull

Joshua D. Schull
U.S. Probation Officer

THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

*Stanley A. Sestrai*

Signature of Judicial Officer

11/06/2019

Date